UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE: 6:17-CV-986-ORL-31GJK

DOUG LONGHINI,

    Plaintiff,

v.

JEBAILEY AND SONS, INC., a Florida Corporation,
and TROPICO MOFONGO LATIN FOOD, INC.,
a Florida Corporation,

    Defendants.

_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), JEBAILEY AND SONS, INC., a Florida Corporation, and TROPICO MOFONGO LATIN FOOD, INC., a Florida Corporation, (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris.*

5. At all times material, Defendant, JEBAILEY AND SONS, INC., was and is a Florida Corporation, with its principal address and with agents and/or offices in Kissimmee, Florida.

6. At all times material, Defendant, JEBAILEY AND SONS, INC., owned and operated a shopping plaza located at 3160 Vineland Road, Kissimmee, Florida 34746 (hereinafter the "plaza property") and conducted a substantial amount of business in its place of public accommodation in Osceola County, Florida.

7. At all times material, Defendant, TROPICO MOFONGO LATIN FOOD INC., was and is a Florida Corporation, with its principal place of business and/or offices in Kissimmee, Osceola County, Florida and with agents in Orlando, Orange County, Florida.

8. At all times material, Defendant, TROPICO MOFONGO LATIN FOOD INC., owned and operated a restaurant business and place of public accommodation located at 3160 Vineland Road, Unit 2, Kissimmee, Florida 34746, which is a unit located within the above-mentioned property owned and operated by Co-Defendant, JEBAILEY AND SONS, INC.

9. Venue is properly located in the Middle District of Florida because Defendants' plaza property and restaurant businesses are located in Osceola County, Florida, Defendants regularly conduct business within Osceola County, Florida, and because a substantial part(s) of the events or omissions giving rise to this claims occurred in Kissimmee, Osceola County, Florida.

## FACTUAL ALLEGATIONS

10. Although nearly twenty (20) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half (1½) years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

13. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14. Defendant, JEBAILEY AND SONS, INC., owns, operates and oversees the plaza property, its general parking lot and parking spots specific to the businesses therein and to include the Co-Defendant's restaurant, and common areas. It owns, operates and oversees said plaza property, place of public accommodation and businesses located in Kissimmee, Florida, that are the subject of this Action.

15. The subject plaza property and restaurant business are open to the public and are located in Kissimmee, Florida. The individual Plaintiff visits the plaza property and restaurant business regularly, to include a visit to the property and restaurant business on or about April 6, 2017 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property and restaurant business. He plans to return to and often visits the plaza property and restaurant, in order to avail himself of the goods and services offered to the public at

the businesses, if the property and restaurant business become accessible.

16. Plaintiff visited the plaza property and restaurant business as a patron/customer, regularly visits the restaurant and other plaza property businesses as a patron/customer, and intends to return to the plaza property and restaurant business in order to avail himself of the goods and services offered to the public at the property. Plaintiff is domiciled nearby in the same State as the property, has frequented the Defendants' Kissimmee property and restaurant for the intended purposes, and intends to return to the property within four (4) months' time from the date of this Complaint.

17. The Plaintiff found the plaza property and restaurant business to be rife with ADA violations. The Plaintiff encountered architectural barriers at the subject properties (the plaza property in general, the restaurant, etc.), and wishes to continue his patronage and use of each of the premises.

18. The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that in violation of the ADA, at the subject plaza property and restaurant business. The barriers to access at Defendants' property and restaurant business have each denied or diminished Plaintiff's ability to visit each of the property and restaurant and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

19. Defendant, JEBAILEY AND SONS, INC. owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, JEBAILEY AND SONS, INC., is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, JEBAILEY AND SONS, INC., owns and operates is the plaza property located at

3160 Vineland Road, Kissimmee, Florida 34746.

20. Defendant, TROPICO MOFONGO LATIN FOOD INC., owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, TROPICO MOFONGO LATIN FOOD INC., owns and operates is the restaurant business located at 3160 Vineland Road, Unit 2, Kissimmee, Florida 34746.

21. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described plaza property and restaurant businesses, but not necessarily limited to the allegations in Paragraph 23 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the plaza property and restaurant business, in violation of the ADA. Plaintiff desires to visit the property, not only to avail himself of the goods and services available at the property and restaurant business, but to assure himself that the property and restaurant business are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and restaurant business without fear of discrimination.

22. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the shopping plaza property and restaurant therein, as prohibited by 42 U.S.C. § 12182 et seq.

23. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000

or less). A list of the violations that Plaintiff encountered during his visit to the property and restaurant business, include but are not limited to, the following:

### A. Parking

1. Plaintiff could not safely access the facility due to an inadequate number of disabled use spaces only two spaces and one lacks the required access aisle. The other space has a ramp and level changes in the unloading area of the access aisle violating ADAAG Section 4.6 and 2010 ADAS Section 502.

### B. Entrance Access and Path of Travel

1. The Plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level greater than ½ inch, violating Section 4.3 of the ADAAG and 2010 ADAS Section 403, whose resolution is readily achievable.

3. Ramps at the facility that do not have compliant slopes and level landings where required by the ADAAG and 2010 ADAS, resolution is readily achievable.

4. Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. There is no accessible routes from the public sidewalks, bus stops to the buildings, violating ADAAG Section 4.3 and Section 206 of the 2010 ADAS.

### C. Access to Goods and Services

1. There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff could not use seating, dining and service counters at the plaza. Counters and bars at the facility exceed height limits in violation of Sections 5 and 7 of the ADAAG as well as Sections 226, 227, 902 and 904 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be accessible and usable by persons with disabilities, violating ADAAG Section 36.211 and the 2010 ADAS.

D. **Public Restrooms**

1. Plaintiff could not safely use the lavatory in the main bathroom area which lacks required knee clearance and mirrors provided for public use in the restroom are too high, violating Section 4.19 of the ADAAG and Section 603 of the 2010 ADA Standards, resolution is readily achievable.

2. Plaintiff could not use the water closet which lacks the required space for approach and transfer. The rear grab bar is only 24" long and improperly located while the flush control is obstructed violating Section 416 of the ADAAG and Section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

3. Plaintiff could not use the coat hook and dispensers that are mounted outside the ranges prescribed in Section 4.27 of the ADAAG and Section 308 of the 2010 ADA Standards, whose resolution is readily achievable.

24. The discriminatory violations described in Paragraph 23 are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating

the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the plaza property and restaurant business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29. Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

30. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at 3160 Vineland Road, Kissimmee, Florida 34746[1], the interiors, exterior areas, and the common exterior areas of the property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject

---

[1] To include the address listed for Defendant, TROPICO MOFONGO LATIN FOOD INC., namely 3160 Vineland Road, Kissimmee, Florida 34746, which sits within the plaza property as detailed earlier in this Complaint.

lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 31st, 2017

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
Marina Lakes, No.3
4937 S.W. 74th Court
Miami, FL 33155
Telephone:  (305) 553-3464
Facsimile:   (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mails: mpomares@lawgmp.com
and agmlaw@bellsouth.net

By: _____
ANTHONY J. PEREZ
Florida Bar No.: 535451
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610