UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:  6:17-CV-00986-GAP-GJK

DOUG LONGHINI,

      Plaintiff,

v.

JEBAILEY AND SONS, INC., a Florida Corporation,
and TROPICO MOFONGO LATIN FOOD, INC.,
a Florida Corporation,

      Defendants.
_____/

### PLAINTIFF, DOUG LONGHINI'S MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANT, TROPICO MOFONGO LATIN FOOD, INC.

COMES NOW the Plaintiff, DOUG LONGHINI, through counsel and herein moves for a Default Final Judgment pursuant to Fed. R. Civ. P. 55 against Defendant, TROPICO MOFONGO LATIN FOOD, INC (hereinafter "TROPICO MOFONGO") and as grounds therefore would show as follows:

1. Plaintiff's Complaint was filed on June 01, 2017. [DOC. 1].

2. Plaintiff's Complaint was served to Defendant, TROPICO MOFONGO, via process server on July 12, 2017.

3. Plaintiff's Amended Complaint was filed on August 29, 2017 [Doc. 23].

4. Plaintiff's Amended Complaint was served to Defendant, TROPICO MOFONGO, via process server, on October 03, 2017.

5. The claim of the Plaintiff is for Injunctive Relief in the form of compliance with 42 U.S.C. § 12181 (2017), et seq., the American Disabilities Act, for reasonable attorneys' fees and costs incurred in prosecuting this Action.

6. A default against Defendant, TROPICO MOFONGO LATIN FOOD, INC., was previously entered by this Court on December 18, 2017 [DOC. 36].

7. Plaintiff has filed a proposed Order for Entry of Default Final Judgment, concurrently with the filing of this Motion.

**WHEREFORE**, Plaintiff, DOUG LONGHINI, moves for a Default Final Judgment against Defendant, TROPICO MOFONGO.

## MEMORANDUM OF LAW

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, a Court may enter a Default (Final) Judgment, if the party against whom a Judgment for Affirmative Relief has failed to plead or otherwise defend.

### I. STANDARD OF REVIEW

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the facts alleged in the Complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing *Buchanan*). If the admitted facts establish the defaulting Defendant's liability, the Plaintiff is entitled to relief against that Defendant. *See Shandong Airlines*, 650 F. Supp. 2d at 1206; *United States v. Henley*, Civ. No. 8:10-2208-T-24-TGW, 2011 WL 1103894, at *2 (M.D. Fla. Mar. 25, 2011) (citing *Tyco Fire*). Pursuant to Fed. R. Civ. P. 54(c), the relief awarded "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." *See Rasmussen v. Cent. Fla. Council Boy Scouts*

*of Am., Inc.*, No. 10-12238, 2011 WL 311680, at *2 (11th Cir. 2011); *Magee v. Maesbury Homes, Inc.*, Civ. No. 6:11-209-Orl-19DAB, 2011 WL 1457173, at *2 (M.D. Fla. Apr. 15, 2011); *Enpat, Inc. v. Budnic*, Civ. No. 6:11-86-PCF-KRS, 2011 WL 1196420, at *1 (M.D. Fla.1 Mar. 29, 2011).

## II.     STATUTORY PROVISIONS

This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "A.D.A.") and 28 U.S.C. §§ 2201–2202 (2017). While nearly twenty years have passed since the effective date of Title III of the A.D.A., Defendant has yet to make its facilities accessible to individuals with disabilities. Congress provided commercial businesses one and a half (1&1/2) years to implement the Act. The effective date was January 26, 1992. Despite the abundant lead-time and the extensive publicity the A.D.A. has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business. The relief sought by the Plaintiff against this Defendant is proper in its entirety as pled in the Complaint pursuant to 42 U.S.C. § 12181, et seq., or the A.D.A.

## III.    THE FACTS ALLEGED IN THE COMPLAINT ESTABLISH TROPICO MOFONGO'S LIABILITY AND ESTABLISH THAT THE PLAINTIFF IS ENTITLED TO THE RELIEF REQUESTED

Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the A.D.A. He uses a wheelchair to ambulate and has a variety of major life and daily activity limitations that he suffers because of his disabilities (DOC 1, Compl. ¶ 11). Defendant, TROPICO MOFONGO, owns and operates the restaurant and business in question in Kissimmee, Florida that is the subject of this Action (DOC 1, Compl. ¶¶ 5–7). The subject restaurant was and remains open to the public and is located 3160 Vineland Road, Unit 2,

Kissimmee, Florida 34746. (DOC 1, Compl. ¶¶ 5–7). Defendant, TROPICO MOFONGO, owns and operates, a place of public accommodation as defined by the A.D.A. and the regulations implementing the A.D.A., 28 CFR 36.201 (a) and 36.104. Defendant, TROPICO MOFONGO, is responsible for complying with the obligations of the A.D.A. (DOC 1, Compl. ¶¶ 9–10). The individual Plaintiff visits this property and restaurant regularly, to include a visit on or about April 6, 2017 and during which he encountered multiple violations of the A.D.A. that directly affected his ability to use and enjoy the property. (DOC 1, Compl. ¶¶ 12, 21). He plans to return to the restaurant in order to avail himself of the goods and services offered to the public at the business, if the properties/business becomes accessible, in order to avail himself of the goods and services offered to the public at the property. (DOC 1, Compl. ¶¶ 13–14). Plaintiff is domiciled in the same state as the property (DOC 1, Compl. ¶ 14). Plaintiff is domiciled in the same state as the property (DOC 1, Compl. ¶ 14) and visited the property to avail himself of the goods and services there and intends to return.

The A.D.A. violations that the Plaintiff encountered at TROPICO MOFONGO restaurant and business include but are not limited to those listed in Paragraph 23 of the Complaints. Because of this Defendant's willful failure to secure compliance with the A.D.A., the Defendant has discriminated against the Plaintiff by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the its hotels property and business, as prohibited by 42 U.S.C. § 12182 (2017), et seq. (DOC 1, Compl. ¶ 19–21). The Plaintiff is accordingly entitled to a Final Judgment of Default and to all relief pled and prayed for in the Complaint.

### IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter a default final judgment against

Defendant, TROPICO MOFONGO, and all other relief prayed for in the Complaint, to include (i) a Declaratory Judgment determining Defendant, TROPICO MOFONGO, at the commencement of the subject lawsuit was in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, TROPICO MOFONGO, including an Order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the A.D.A.; and to require Defendant, TROPICO MOFONGO, to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 (2017); and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act and as provided in the proposed Final Judgment filed contemporaneously with this Motion and any other such relief this Honorable deems to be just and necessary.

## AFFIDAVIT

We, Anthony J. Perez, and Alfredo Garcia-Menocal, do hereby certify that the statements and allegations set forth in the foregoing Motion and the accompanying Memorandum are true and accurate to the best of our knowledge and belief.

Dated:   January 24th, 2018

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court, No. 3
Miami, FL 33155
Telephone: (305)553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperezlaw@gmail.com
Secondary E-Mail: agmlaw@bellsouth.net

By: _____
ANTHONY J. PEREZ
Florida Bar No.: 535451

By: _____
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610

## **CERTIFICATE OF SERVICE**

I hereby certify that on **January 24th, 2018**, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document was being served this day by Certified U.S. Mail, Return, Receipt Requested on Defendant, TROPICO MOFONGO LATIN FOOD, INC., c/o The Law Office of Vik Parti, P.A., as Registered Agent, 7380 Sand Lake Road, Suite 500, Orlando, Florida 32819.

Respectfully submitted,

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court, No. 3
Miami, FL   33155
Telephone: (305)553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperezlaw@gmail.com
Secondary E-Mail: agmlaw@bellsouth.net

By: */s/ Anthony J. Perez*
  ANTHONY J. PEREZ